## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

UNITED STATES OF AMERICA

VERSUS

KATHERINE ALBARADO (01)

CASE NO.  6:25-CR-00355-01

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE DAVID J. AYO

### RULING AND ORDER

The present matter before the court is the Motion to Dismiss Indictment for Lack of Specificity or, Alternatively, Motion for Bill of Particulars [ECF No. 34] filed by Defendant Katherine Albarado. For the reasons stated below, the Motion to Dismiss Indictment is DENIED, and the Motion for a Bill of Particulars is GRANTED in part and DENIED in part as set forth below.

A grand jury returned a single-count indictment against Albarado in December 2025. The sole count of the indictment alleges a violation of 18 U.S.C. § 2422(b), Attempted Enticement of a Minor. The indictment alleges that:

> [f]rom on or about May 19, 2022, and continuing until on or about June 16, 2022, in the Western District of Louisiana the defendant, KATHERINE ALBARADO using any means and facility of interstate, to wit, electronic mail transmitted via the internet, did knowingly attempt to persuade, induce, entice a person under the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense.; all in violation of Title 18, United States Code, Section 2422(b). [18 U.S.C. § 2422(b)].

The statute at issue states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.[1]

---

[1] 18 U.S.C. § 2422(b).

Albarado seeks dismissal of the indictment or, alternatively, a bill of particulars from the Government because the indictment "does not specifically identify to the defense what underlying state or federal statute Ms. Albarado could be charged with." According to Albarado, the fourth element of the Fifth Circuit pattern jury instruction for this charge requires that the Government prove beyond a reasonable doubt:

> <u>Fourth</u>: That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of _____ (insert crime) under the laws of _____ (insert state) [the United States].
>
> […]
>
> As a matter of law, the following is a crime [are crimes] under state law [federal law]: _____ (describe elements of the crime as alleged in the indictment).[2]

She argues that the indictment must be dismissed because it does not identify the federal or state crime that she could be charged with as required by the pattern jury instruction.

The Court first addresses the Motion to Dismiss the Indictment. Challenges to the validity of an indictment are governed by Rule 12(b), which provides that "[a]ny defense, objection, or request which is *capable of determination without the trial of the general issue* may be raised before trial by motion."[3] "A defense is thus capable of determination if trial of the facts surrounding the commission of the alleged offense would be of *no assistance* in determining the validity of the defense."[4] Under Rule 7(c) of the Federal Rules of Criminal Procedure, an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." For an indictment to be sufficient, it must "(1) contain[ ] the elements of the offense charged; (2) fairly inform[ ] the defendant of the charges he must prepare to meet; and (3) enable[ ] a defendant to plead an acquittal or a conviction in bar to future prosecutions for the same

---

[2] <u>Fifth Circuit Pattern Jury Instructions (Criminal)</u> 2.93 (2024).
[3] Fed.R.Crim.P. 12(b) (emphasis added).
[4] *United States v. Covington*, 395 U.S. 57, 60 (1969) (emphasis added).

offense."[5] These requirements "stem[ ] directly from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment."[6] "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged."[7]

Here, the sole count of the indictment follows the statutory language of 18 U.S.C. § 2422(b) and includes each of the statutory elements of the offense. The Court agrees with the court in *United States v. Branton*[8] that the indictment need not track the language of the relevant Fifth Circuit Pattern Jury Instruction and comments to that instruction if the indictment tracks the statutory elements. Accordingly, the indictment here is sufficient to provide Albarado with adequate notice of the crime with which she is charged. The Motion to Dismiss the Indictment is denied.

The Court now turns to Albarado's Motion for a Bill of Particulars. Federal Rule of Criminal Procedure 7(f) provides that a defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy.[9] Given the elements that the Government must prove

---

[5] *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991).
[6] *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999).
[7] *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002)) (emphasis added).
[8] No. 14–00050, 2014 WL 3887403 (W.D. La. 2014).
[9] *See e.g., United States v. Rodriguez*, No. 4:18-CR-00216-ALM-CAN-18, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citation omitted) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to

beyond a reasonable doubt at trial,[10] the Court agrees with Albarado that ordering a bill of particulars in this case will "obviate surprise at trial, [and] enable [her] to prepare [her] defense with full knowledge of the charges against [her]...." Albarado requests a bill of particulars requiring the Government to (1) "Identify exactly what crime under state or federal law that Ms. Albarado could be charged with because of the alleged enticement," and (2) "[i]dentify the elements of the crime under state or federal law that Ms. Albarado could be charged with because of the alleged enticement." The Court grants the motion as follows: the Government is required to identify the crime or crimes Albarado could have been charged with based on the activity the Government alleges to have occurred. In all other respects, the Motion for Bill of Particulars is denied.

For the foregoing reasons, the Motion to Dismiss Indictment, Motion for Bill of Particulars [ECF No. 34] is GRANTED in part and DENIED in part. The Motion to Dismiss Indictment is DENIED. The Motion for a Bill of Particulars is GRANTED in part and DENIED in part as set forth above. The Government shall file the Bill of Particulars within fourteen (14) days.

IT IS SO ORDERED.

THUS DONE in Chambers on this 2nd day of March, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980).

[10] Fifth Circuit Pattern Jury Instructions (Criminal) 2.93 (2024).